UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL WRIGHT,                    :
                                   :
     Petitioner,                   :
                                   :
v.                                 :   CASE NO. 3:06-CV-1540 (RNC)
                                   :
MICHAEL LAJOIE, ET AL.,            :
                                   :
     Respondents.                  :

RULING AND ORDER

Petitioner, a Connecticut inmate subject to a final order of deportation, brings this action for a writ of habeas corpus against the Connecticut Board of Pardons and Paroles ("the Board") and the U.S. Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("BICE") claiming that he has a right under the Due Process Clause of the Fourteenth Amendment to be given a parole hearing and granted parole under a state statute that provides for "deportation parole of aliens." See Conn. Gen. Stat. § 54-125d(c). Pending for decision are motions to dismiss filed by the Board and BICE (docs. 17, 20). For the reasons that follow, the motions are granted and the action is dismissed.

Background

Petitioner, a native and citizen of Jamaica, is serving a twenty-year sentence in the custody of the Connecticut Department of Correction following his convictions in Connecticut Superior Court for assault in the first degree and conspiracy to commit

assault.  Because he faces a final order of deportation, an immigration detainer has been lodged against him.

A Connecticut prisoner who has been convicted of an offense involving the use of force against another is ineligible for parole until he has served at least eighty-five percent of his sentence.  See Conn. Gen. Stat. § 54a-125a(b)(2).  The statute on which petitioner relies provides that a person whose eligibility for parole is thus restricted "shall be eligible for deportation parole . . . after having served fifty per cent" of his sentence.  Conn. Gen. Stat. § 54a-125d(c).  Petitioner contends that this statute requires the Board to give him a hearing and grant him parole.

Before commencing this action, petitioner filed a state habeas petition claiming a right to be released for deportation.  The parties to the state habeas case entered into a stipulated judgment stating that petitioner was "eligible" for "deportation parole."  The Board subsequently informed petitioner that he would not be considered for parole until he completed eighty-five percent of his sentence in April 2014.  Petitioner then filed the present action.

Discussion

The Board contends that the petition must be dismissed for failure to exhaust state remedies.  I agree.  Though labeled by the pro se petitioner as a petition under 28 U.S.C. § 2241, the

2

petition is properly construed as having been filed pursuant to 28 U.S.C. § 2254, which applies to "application[s] . . . in behalf of . . . a person in custody pursuant to the judgment of a State court . . . on the ground that [the person applying] is in custody in violation of the Constitution." See Cook v. New York State Div. Of Parole, 321 F.3d 274, 277-279 (2d Cir. 2003). Under § 2254(b)(1), habeas relief is generally not available in federal court unless the applicant has exhausted remedies available in state court. This exhaustion requirement applies to petitions brought under 28 U.S.C. § 2241 that are construed as petitions under 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001); Mills v. Lajoie, No. 3:06CV956, 2006 WL 3346193, at *5 (D. Conn. Nov. 17, 2006). To satisfy the exhaustion requirement, a state prisoner must present the substance of his claim in state court through one full round of litigation. See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). Petitioner has not done so.[1]

Petitioner seems to contend that the exhaustion requirement

---

[1] The Board correctly points out that instead of filing this action, petitioner could have sought relief in the state habeas case. The state court's procedural rules allow for the filing of a motion to open a stipulated judgment. See In re Travis R., 2002 WL 31887911, at *5 (Conn. Super. Ct. Dec. 6, 2002) (discussing availability of motion to open stipulated judgment), aff'd, 838 A.2d 1000 (Conn. App. Ct. 2004); see also Niblack v. Warden, No. CV970402873S, 2006 WL 224454, at *1 (Conn. Super. Ct. Jan. 9, 2006)(construing motion to open stipulated judgment as motion to enforce terms of stipulated judgment).

3

should be excused in light of the recent decision in Baker v. Commissioner of Correction, 281 Conn. 241 (Conn. 2007), holding that Conn. Gen. Stat. § 54-125a, the parole statute applicable to persons serving a sentence of more than two years, does not create a liberty interest protected by due process. The deportation parole statute was not before the Court in Baker, and the issue petitioner raises regarding the proper interpretation of that statute has not been addressed by any state court. The Board correctly urges that it would be inconsistent with the principles underlying the exhaustion doctrine for a federal district court to decide the issue when the state courts have been bypassed.

BICE argues that the action must be dismissed for failure to state a claim on which relief can be granted. I agree. The amended application seeks an order requiring the Board to release petitioner. No relief is requested with regard to BICE. Moreover, to the extent the amended application can be construed as requesting timely execution of the final order of removal, any such request is clearly premature. See Duamutef v. I.N.S., 386 F.3d 172 (2d Cir. 2004); Bispham v. INS, No. 3:03-CV-58, 2003 WL 21497198, at *2 (D. Conn. June 27, 2003).

Conclusion

For the foregoing reasons, the motions to dismiss are granted. The Clerk will enter judgment in favor of the

4

respondents dismissing the petition.

So ordered this 2nd day of February 2008.


                                         /s/
                               Robert N. Chatigny
                            United States District Judge